DebtEd, FUNDS, NTCAPR, TUA, AddChg, APLDIST, APPEAL

# United States Bankruptcy Court
## District of Massachusetts (Boston)
## Bankruptcy Petition #: 15–13369

|  |  |
|---|---|
| *Assigned to:* Judge Joan N. Feeney | *Date filed:* 08/27/2015 |
| Chapter 13 | *341 meeting:* 09/29/2015 |
| Voluntary | *Deadline for filing claims:* 12/28/2015 |
| Asset | *Deadline for filing claims (govt.):* 02/23/2016 |

*Debtor*
**Andre Bisasor**
3000 Presidents Way #3413
Dedham, MA 02026
SSN / ITIN: xxx–xx–9859

represented by **David G. Baker**
236 Huntington Avenue, Ste. 306
Boston, MA 02115
(617) 340–3680
Fax : (866) 661–5328
Email: david@bostonbankruptcy.org

*Assistant U.S. Trustee*
**John Fitzgerald**
Office of the US Trustee
J.W. McCormack Post Office &Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

*Trustee*
**Carolyn Bankowski–13**
Chapter 13 Trustee Boston
P. O. Box 8250
Boston, MA 02114
617–723–1313

| Filing Date | # | Docket Text |
|---|---|---|
| 08/27/2015 | 1 | Chapter 13 Voluntary Petition with deficiencies. Exhibit D. Certificate of Credit Counseling. Filing Fee in the Amount of $310 Filed by Andre Bisasor. (nr) (Entered: 08/27/2015) |
| 08/27/2015 |  | Meeting of Creditors scheduled on 09/29/2015 at 11:00 AM at Room 325–B, U.S. Trustee Office, J.W. McCormack Post Office &Court House. Deadline to object to debtor's discharge or to challenge dischargeability of certain debts is 11/30/2015. Proof of Claim due by 12/28/2015. Government Proof of Claim due by 02/23/2016. (nr) (Entered: 08/27/2015) |
| 08/27/2015 | 2 | Statement of Social Security Number(s) filed by Debtor Andre Bisasor (nr) (Entered: 08/27/2015) |
| 08/27/2015 | 5 | Certification of Intent to Cure Entire Monetary Default for Residential Property and Rental Deposit in the amount of $2390.00 with judgment (Re: 1 Voluntary Petition (Chapter 13)) filed by Deadline to Cure Default: 9/28/2015 (Attachments: # 1 Judgment) (ymw) (Entered: 08/28/2015) |

1

| 08/28/2015 | | 4 | Notice to Pro Se Debtors. (ADI) (Entered: 08/28/2015) |
|---|---|---|---|
| 08/28/2015 | | 6 | Court's Notice Releasing Rental Deposit to the Landlord, RAR 2 Jefferson at Dedham Station MA, Inc., 1000 Presidents Way #3413, Dedham, MA 02026, in the amount of $2390.00 with certificate of service. Deadline to cure default and file second Certification is 30 days from the filing date of the voluntary petition. (Sent by Certified U.S. Mail Tracking Number 7011 3500 0001 5898 3140) (Re: 5 Rental Deposit and Intent to Cure Default filed by Debtor) (Entered: 08/28/2015) |
| 08/28/2015 | | 7 | Order to Update (Re:1). Chapter 13 Voluntary Petition Matrix Due 9/2/2015. Chapter 13 Plan due by 9/11/2015. Schedules A–J due 9/11/2015. Statement of Financial Affairs due 9/11/2015. Summary of schedules due 9/11/2015. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 22C–1 Due: 9/11/2015. Statistical Summary of Certain Liabilities due 9/11/2015.Evidence of Current and Sufficient Liability and Property Insurance Due 9/11/2015. Incomplete Filings due by 9/11/2015. (nr) (Entered: 08/28/2015) |
| 08/28/2015 | | 8 | Court Certificate of Mailing. (Re: 7 Order to Update) (nr) (Entered: 08/28/2015) |
| 08/28/2015 | | | Receipt of Chapter 13 Filing Fee – $200.00 by NR. Receipt Number 631123. (adi) (Entered: 08/31/2015) |
| 08/28/2015 | | | Receipt of Chapter 13 Filing Fee – $110.00 by NR. Receipt Number 631123. (adi) (Entered: 08/31/2015) |
| 08/28/2015 | | | Receipt of Forfeit Filing Fee – $10.00 by NR. Receipt Number 631123. (adi) (Entered: 08/31/2015) |
| 08/30/2015 | | 10 | BNC Certificate of Mailing. (Re: 4 Notice to ProSe Debtors.) Notice Date 08/30/2015. (Admin.) (Entered: 08/31/2015) |
| 09/01/2015 | | 11 | Emergency Motion filed by Debtor Andre Bisasor to Extend Time to File Documents [Re: 7 Order to Update]. (jb) (Entered: 09/02/2015) |
| 09/02/2015 | | 12 | Endorsed Order dated 9/2/2015 Re: 11 Emergency Motion filed by Debtor Andre Bisasor to Extend Time to File Documents Re: 7 Order to Update. MOTION ALLOWED IN PART. THE DEBTOR SHALL FILE THE MATRIX BY 09/04/15 AND THE REMAINING DOCUMENTS BY 09/23/15. (jb) (Entered: 09/02/2015) |
| 09/02/2015 | | 13 | Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 3000 Presidents Way #3413, Dedham MA 02026 with certificate of service and proposed order Fee Amount $176, Objections due by 09/16/2015. (Attachments: # 1 Exhibit A–B # 2 Exhibit Exhibits C–D # 3 Exhibit Exhibits E–F # 4 Exhibit Exhibits G–H # 5 Proposed Order Proposed Order 3413) (Ashton, Donna) (Entered: 09/02/2015) |
| 09/02/2015 | | 14 | Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. |

| | | | |
|---|---|---|---|
| | | | for Relief from Stay Re: 2000 Presidents Way #2216, Dedham, MA 02026 with certificate of service and proposed order Fee Amount $176.00. Objections due by 09/16/2015. (Attachments: # 1 Exhibit Exhibits A–B # 2 Exhibit Exhibits C–D # 3 Exhibit Exhibits E–F # 4 Exhibit Exhibits G–H # 5 Proposed Order) (Ashton, Donna) (Entered: 09/02/2015) |
| 09/02/2015 | | | Receipt of filing fee for Motion for Relief From Stay(15–13369) [motion,mrlfsty] ( 176.00). Receipt Number 14947024, amount $ 176.00 (re: Doc# 13) (U.S. Treasury) (Entered: 09/02/2015) |
| 09/02/2015 | | | Receipt of filing fee for Motion for Relief From Stay(15–13369) [motion,mrlfsty] ( 176.00). Receipt Number 14947024, amount $ 176.00 (re: Doc# 14) (U.S. Treasury) (Entered: 09/02/2015) |
| 09/02/2015 | | 15 | Certified Return Receipt (Re: 6 Court's Notice Releasing Rental Deposit) (ymw) (Entered: 09/02/2015) |
| 09/04/2015 | | 16 | Hearing Scheduled for 9/17/2015 at 01:00 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 13 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 3000 Presidents Way #3413, Dedham MA 02026. Objections due by 9/16/2015 at 03:00 PM. (pd) (Entered: 09/04/2015) |
| 09/04/2015 | | 17 | Hearing Scheduled for 9/17/2015 at 01:00 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 14 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 2000 Presidents Way #2216, Dedham, MA 02026. Objections due by 9/16/2015 at 03:00 PM. (pd) (Entered: 09/04/2015) |
| 09/04/2015 | | 18 | BNC Certificate of Mailing – PDF Document. (Re: 12 Order on Motion to Extend) Notice Date 09/04/2015. (Admin.) (Entered: 09/05/2015) |
| 09/04/2015 | | 19 | Matrix (Re: 1 Voluntary Petition (Chapter 13)) filed by Debtor Andre Bisasor (jb) (Entered: 09/08/2015) |
| 09/09/2015 | | 20 | Court's Notice of 341 sent. (ADI) (Entered: 09/09/2015) |
| 09/11/2015 | | 21 | BNC Certificate of Mailing – Meeting of Creditors. (Re: 20 Court's Notice of 341 sent 13) Notice Date 09/11/2015. (Admin.) (Entered: 09/12/2015) |
| 09/14/2015 | | 22 | Emergency Motion filed by Debtor Andre Bisasor to Extend Time for Responding to Motion for Relief from Stay and to Continue Hearing [Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay] with certificate of service. (chy) (Entered: 09/14/2015) |
| 09/15/2015 | | 23 | Objection *to Debtor's Emergency Motion for Continuance* with certificate of service filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. Re: 22 Emergency Motion filed by Debtor Andre Bisasor to Continue Hearing [Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay] with certificate of service. |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Exhibit Exhibit A) (Ashton, Donna) (Entered: 09/15/2015) |
| 09/15/2015 | | 24 | MDOR Notice of Unfiled Prepetition Tax Returns and Request for same pursuant to 11 U.S.C. Section 1308 with certificate of service (Hankard, Katie) (Entered: 09/15/2015) |
| 09/15/2015 | | 25 | Rebuttal filed by Debtor Andre Bisasor [Re: 23 Objection filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. Re: 22 Emergency Motion filed by Debtor Andre Bisasor to Continue Hearing [Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay] with certificate of service. (jb) (Entered: 09/15/2015) |
| 09/15/2015 | | 26 | Amended Rebuttal filed by Debtor Andre Bisasor (Re: 25 RebuttalRe: 23 Objection filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. Re: 22 Emergency Motion filed by Debtor Andre Bisasor to Continue Hearing [Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay] with certificate of service. (jb) (jb) (Entered: 09/15/2015) |
| 09/15/2015 | | 27 | Endorsed Order dated 9/15/2015 Re: 22 Emergency Motion filed by Debtor Andre Bisasor to Extend Time for Responding to Motion for Relief from Stay and to Continue Hearing Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay. DENIED. MOTION DENIED FOR THE REASONS STATED IN THE OBJECTION OF GREYSTAR MANAGEMENT SERVICES LP. SEE ALSO 11 U.S.C. SEC. 362(L)(3)(A). THE 09/17/15 HEARING SHALL GO FORWARD. (jb) (Entered: 09/15/2015) |
| 09/16/2015 | | 28 | Notice of Appearance and Request for Notice by David G. Baker with certificate of service filed by Debtor Andre Bisasor (Baker, David) (Entered: 09/16/2015) |
| 09/16/2015 | | 29 | Objection with certificate of service filed by Debtor Andre Bisasor Re: 13 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 3000 Presidents Way #3413, Dedham MA 02026 with certificate of service and proposed order, 14 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 2000 Presidents Way #2216, Dedham, MA 02026 with certificate of service and proposed order (Baker, David) (Entered: 09/16/2015) |
| 09/16/2015 | | 30 | Brief/Memorandum In Support of *Debtor* (Re: 29 Objection) filed by Debtor Andre Bisasor (Attachments: # 1 Answer and Counterclaims # 2 State Court Docket # 3 Lease #1 # 4 Lease #2 # 5 Summary Process Complaints, etc.) (Baker, David) (Entered: 09/16/2015) |
| 09/17/2015 | | 31 | Order dated 9/17/2015 Re: 13 Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 3000 Presidents Way #3413, Dedham MA 02026. HEARING HELD. #13, TAKEN UNDER ADVISEMENT. THE MOVANT SHALL FILE A SUPPLEMENTAL BRIEF BY 09/18/15 WITH RESPECT TO THE ISSUES RAISED AT THE HEARING, AND |

| | | | |
|---|---|---|---|
| | | | THE DEBTOR MAY FILE A REPLY BRIEF WITHIN 24 HOURS AFTER SUCH FILING. (jb) (Entered: 09/17/2015) |
| 09/17/2015 | | [32] | Order dated 9/17/2015 Re: [14] Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 2000 Presidents Way #2216, Dedham, MA 02026 . HEARING HELD. #14, TAKEN UNDER ADVISEMENT. THE MOVANT SHALL FILE A SUPPLEMENTAL BRIEF BY 09/18/15 WITH RESPECT TO THE ISSUES RAISED AT THE HEARING, AND THE DEBTOR MAY FILE A REPLY BRIEF WITHIN 24 HOURS AFTER SUCH FILING. (jb) (Entered: 09/17/2015) |
| 09/17/2015 | | [33] | BNC Certificate of Mailing – PDF Document. (Re: [27] Order on Motion to Continue/Cancel Hearing) Notice Date 09/17/2015. (Admin.) (Entered: 09/18/2015) |
| 09/18/2015 | | [34] | Supplemental Document: *Supplemental Filing* with certificate of service (Re: [13] Motion for Relief From Stay, [14] Motion for Relief From Stay) filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. (Attachments: # [1] Exhibit A # [2] Exhibit B # [3] Exhibit C # [4] Exhibit D) (Ashton, Donna) (Entered: 09/18/2015) |
| 09/18/2015 | | [35] | An official transcript of hearing (RE: [13] Expedited Motion of Greystar Management Services LP as Agent for Owner RAR2–Jefferson at Dedham Station, MA Inc. for Relief from Stay RE: 3000 Presidents Way #3413, Dedham, MA (Donna Ashton); [29] Objection of Debtor (David Baker); [30] Verified Memorandum of Debtor in Support of [29] (David Baker); [14] Expedited Motion of Greystar Management Services LP as Agent for Owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay RE: 2000 Presidents Way #2216, Dedham, MA (Donna Ashton); [29] Objection of Debtor (David Baker); [30] Verified Memorandum of Debtor in Support of [29] (David Baker)) heard on 09/17/2015 has been filed. Pursuant to Judicial Conference Policy, electronic access to transcripts is restricted for 90 days from the date of filing. The transcript is available for inspection at the Clerk's Office or a copy may be purchased from the transcriber. Contact the ECR Operator for transcriber information. Parties have until 10/9/2015 to file a Request for Redaction with the Court. If no request is filed, the transcript may be made available electronically on 12/18/2015. (Cascade Hills Transcription, Inc.) (Entered: 09/18/2015) |
| 09/19/2015 | | [36] | BNC Certificate of Mailing – PDF Document. (Re: [31] Order on Motion For Relief From Stay) Notice Date 09/19/2015. (Admin.) (Entered: 09/20/2015) |
| 09/19/2015 | | [37] | BNC Certificate of Mailing – PDF Document. (Re: [32] Order on Motion For Relief From Stay) Notice Date 09/19/2015. (Admin.) (Entered: 09/20/2015) |
| 09/19/2015 | | [38] | Notice of Filing of Official Transcript. Notice is hereby given that an official transcript has been filed. Pursuant to the Judicial Conference policy governing public access to transcripts of federal court proceedings, transcripts are not electronically available(online) until 90 days after filing but may be inspected by clerk's office or purchased from the court transcriber during the 90–day period. (ADI) (Entered: 09/21/2015) |

| | | | |
|---|---|---|---|
| 09/21/2015 | | 39 | Supplemental Brief (Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay) filed by Debtor Andre Bisasor (Baker, David) (Entered: 09/21/2015) |
| 09/21/2015 | | 40 | Affidavit of Andre Bisasor and clarification statement in support of Debtor's Reply Memorandum to Greystar's Supplemental Memorandum for Greystar's Objection to Certification and Greysstar's Motion for Relief from Stay (Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay) filed by Debtor Andre Bisasor (Baker, David). Modified on 9/25/2015 (lkaine, Usbc). (Entered: 09/21/2015) |
| 09/21/2015 | | 41 | DISREGARD: Request from David G. Baker Debtor Andre Bisasor *for evidentiary hearing,* with certificate of service. filed by Debtor Andre Bisasor (Baker, David) Corrective entry: disregard. Incorrect event used. Two Day Order to re−docket using correct event. Modified on 9/22/2015 (ymw). (Entered: 09/21/2015) |
| 09/22/2015 | | 42 | Order Requiring Corrective Action. You are hereby **ORDERED** to file the required document(s) **identified in the attached order** within (2) business days of the date of this order (Re: 41 Request filed by Debtor Andre Bisasor) (ymw) (Entered: 09/22/2015) |
| 09/23/2015 | | 43 | Withdrawal with certificate of service (Re: 39 Brief) filed by Debtor Andre Bisasor (Baker, David) (Entered: 09/23/2015) |
| 09/23/2015 | | 44 | Supplemental Brief *(Corrected)* (Re: 32 Order on Motion For Relief From Stay) filed by Debtor Andre Bisasor (Attachments: # 1 Appellate courts case listing) (Baker, David) (Entered: 09/23/2015) |
| 09/23/2015 | | 45 | Motion filed by Debtor Andre Bisasor to Extend Time to File Documents [Re: 7 Order to Update] with certificate of service. (Baker, David) (Entered: 09/23/2015) |
| 09/23/2015 | | 46 | BNC Certificate of Mailing. (Re: 38 Notice of Filing of Official Transcript) Notice Date 09/23/2015. (Admin.) (Entered: 09/24/2015) |
| 09/24/2015 | | 47 | Endorsed Order dated 9/24/2015 Re: 45 Motion filed by Debtor Andre Bisasor to Extend Time to File Documents (Re: 7 Order to Update). ALLOWED. (lkaine, Usbc) (Entered: 09/24/2015) |
| 09/25/2015 | | 48 | Request for Evidentiary Hearing filed by Debtor Andre Bisasor Re: 13 Motion for Relief From Stay, 14 Motion for Relief From Stay, with certificate of service. (Baker, David) Modified on 10/6/2015 (lkaine, Usbc). (Entered: 09/25/2015) |
| 09/26/2015 | | 49 | BNC Certificate of Mailing − PDF Document. (Re: 47 Order on Motion to Extend) Notice Date 09/26/2015. (Admin.) (Entered: 09/27/2015) |
| 09/28/2015 | | | Continuance of Meeting of Creditors 10/21/2015 at 10:30 AM (Bankowski−13, Carolyn) (Entered: 09/28/2015) |
| 09/28/2015 | | 50 | Emergency Motion filed by Debtor Andre Bisasor to Extend Time to File Documents Re: 1 Voluntary Petition (Chapter 13). (lkaine, Usbc) (Entered: 09/28/2015) |

| 09/28/2015 | | <u>51</u> | Endorsed Order dated 9/28/2015 Re: <u>39</u> Supplemental Memorandum filed by Debtor Andre Bisasor. WITHDRAWN. (lkaine, Usbc) (Entered: 09/29/2015) |
|---|---|---|---|
| 09/29/2015 | | <u>52</u> | Endorsed Order dated 9/29/2015 Re: <u>50</u> Emergency Motion filed by Debtor Andre Bisasor to Extend Time to File Documents (Re: <u>1</u> Voluntary Petition) TO THE EXTENT THE DEBTOR SEEKS AN EXTENSION OF TIME TO 10/05/15 TO FILE THE DOCUMENTS REQUIRED PURSUANT TO THE COURT'S ORDER TO UPDATE DATED 08/28/15 (DOC. NO. 7), THE MOTION IS ALLOWED. (lkaine, Usbc) (Entered: 09/29/2015) |
| 09/29/2015 | | <u>53</u> | Court Certificate of Mailing Re: <u>52</u> Order on Motion to Extend. (lkaine, Usbc) (Entered: 09/29/2015) |
| 10/01/2015 | | <u>54</u> | Notice *of Appearance* with certificate of service filed by Creditor Foley Hoag LLP (Ottenberg, John) (Entered: 10/01/2015) |
| 10/01/2015 | | | Notice of Certified Copy of Docket Report to RAR2 Jefferson at Dedham Station MA, Inc. (Re: <u>5</u> Rental Deposit and Intent to Cure Default) (cpd) (Entered: 10/01/2015) |
| 10/01/2015 | | <u>55</u> | Court Certificate of Mailing. (Re: Certified Copy of Docket Report). (cpd) (Entered: 10/01/2015) |
| 10/01/2015 | | <u>56</u> | Order dated 10/1/2015 Re: <u>13</u> Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 3000 Presidents Way #3413, Dedham MA 02026. PURSUANT TO 11 U.S.C. SEC. 362(e), THE COURT CONTINUES THE AUTOMATIC STAY PENDING THE COURT'S RULING ON THE MOTION. (cpd) (Entered: 10/01/2015) |
| 10/01/2015 | | <u>57</u> | Order dated 10/1/2015 Re: <u>14</u> Expedited Motion filed by Creditor Greystar Management Services LP as agent for owner RAR2–Jefferson at Dedham Station MA Inc. for Relief from Stay Re: 2000 Presidents Way #2216, Dedham, MA 02026. PURSUANT TO 11 U.S.C. SEC. 362(e), THE COURT CONTINUES THE AUTOMATIC STAY PENDING THE COURT'S RULING ON THE MOTION. (cpd) (Entered: 10/01/2015) |
| 10/03/2015 | | <u>58</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>56</u> Order on Motion For Relief From Stay) Notice Date 10/03/2015. (Admin.) (Entered: 10/04/2015) |
| 10/03/2015 | | <u>59</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>57</u> Order on Motion For Relief From Stay) Notice Date 10/03/2015. (Admin.) (Entered: 10/04/2015) |
| 10/06/2015 | | <u>60</u> | Summary of Schedules , Statistical Summary of Certain Liabilities, Statement of Financial Affairs , Schedules A–J. (Re: <u>7</u> Order to Update) filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | <u>61</u> | Chapter 13 Plan Without Certificate of Service filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |

| 10/06/2015 | | 62 | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years Form 22C−1. Disposable Income Is Not Determined (Re: 7 Order to Update) filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | 63 | Chapter 13 Agreement between debtor and counsel filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | 64 | Disclosure of Compensation of Attorney David G. Baker in the amount of $3,500.00. Plus $0.00 paid to debtor`s counsel for court filing fees filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | 65 | Court's Order of Deficiency Re: 61 Chapter 13 Plan filed by Debtor Andre Bisasor. The deadline to cure the deficiency is 10/13/2015 at 04:30 PM. (lkaine, Usbc) (Entered: 10/06/2015) |
| 10/06/2015 | | 66 | Signature Page (Re: 60 Summary of Schedules, Statistical Summary of Certain Liabilities, Statement of Financial Affairs, Schedules A−J, 61 Chapter 13 Plan) filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | 67 | Declaration Re: Electronic Filing filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/06/2015 | | 68 | Supplemental Document: *Addendum* (Re: 60 Summary of Schedules, Statistical Summary of Certain Liabilities, Statement of Financial Affairs, Schedules A−J) filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/06/2015) |
| 10/08/2015 | | 69 | BNC Certificate of Mailing. (Re: 65 Court's Order of Deficiency) Notice Date 10/08/2015. (Admin.) (Entered: 10/09/2015) |
| 10/13/2015 | | 70 | Certificate of Service (Re: 61 Chapter 13 Plan) filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/13/2015) |
| 10/19/2015 | | 71 | Order dated 10/19/15 Re: 13 Motion for Relief From Stay filed by Creditor Greystar Management Services LP, and 14 Motion for Relief From Stay filed by Creditor Greystar Management Services LP. See Order for Full Text. (lkaine, Usbc) (Entered: 10/19/2015) |
| 10/21/2015 | | 72 | Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions with certificate of service. (Attachments: # 1 Constable's Notices) (Baker, David) (Entered: 10/21/2015) |
| 10/21/2015 | | 73 | Order dated 10/21/2015 Re: 72 Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions. GREYSTAR SHALL FILE A RESPONSE TO THE MOTION TODAY BY 3:00 PM. (lkaine, Usbc) (Entered: 10/21/2015) |
| 10/21/2015 | | 74 | Opposition *to Debtor's Emergency Motion for Contempt for Violation of the Co−Debtor Stay of 1301* with certificate of service filed by Creditor Greystar Management Services LP as agent for owner RAR2−Jefferson at Dedham Station MA Inc. Re: 72 Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions with certificate of service. (Ashton, Donna) (Entered: 10/21/2015) |

| 10/21/2015 | | | Meeting of Creditors Held and Examination of Debtor *concluded on 10/21/2015, Debtor was not present.* (Bankowski−13, Carolyn) (Entered: 10/21/2015) |
|---|---|---|---|
| 10/21/2015 | | 75 | Chapter 13 Trustee's Motion for Order Dismissing Case with certificate of service. Objections due by 11/16/2015. (Bankowski−13, Carolyn) (Entered: 10/21/2015) |
| 10/21/2015 | | 76 | Reply with certificate of service filed by Debtor Andre Bisasor Re: 72 Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions with certificate of service. (Baker, David) (Entered: 10/21/2015) |
| 10/21/2015 | | 77 | Order dated 10/21/2015 Re: 72 Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions. UPON CONSIDERATION OF THE MOTION, THE OPPOSITION OF GREYSTAR AND THE DEBTOR'S REPLY, THE MOTION IS ALLOWED IN PART AND DENIED IN PART AND THE OPPOSITION IS SUSTAINED IN PART AND OVERRULED IN PART. THE COURT RULES THAT THE "48 HOUR NOTICES," IN PARTICULAR, THE NOTICE OF REMOVAL OF THE DEBTOR AND THE CODEBTOR AND THEIR PERSONAL PROPERTY FROM THE SUBJECT APARTMENTS, IS NOT WITHIN THE SCOPE OF 11 U.S.C. SEC. 1301. GREYSTAR MAY PROCEED WITH THE EVICTION OF THE DEBTOR AND THE CODEBTOR AND REMOVAL OF THEIR PROPERTY FROM THE SUBJECT APARTMENTS, BUT IT SHALL NOT SEEK TO COLLECT ANY DEBT FROM THE DEBTOR OR THE CODEBTOR, INCLUDING ANY MONEY JUDGMENT OR ANY STORAGE FEES, WITHOUT FURTHER ORDER FROM THIS COURT. THE DEBTOR'S REQUEST FOR ATTORNEYS' FEES IS DENIED. (lkaine, Usbc) (Entered: 10/21/2015) |
| 10/21/2015 | | 78 | BNC Certificate of Mailing − PDF Document. (Re: 71 Order) Notice Date 10/21/2015. (Admin.) (Entered: 10/22/2015) |
| 10/23/2015 | | 79 | BNC Certificate of Mailing − PDF Document. (Re: 73 Order on Motion for Contempt) Notice Date 10/23/2015. (Admin.) (Entered: 10/24/2015) |
| 10/28/2015 | | 80 | Notice of Change of Address *for creditors,* filed by Debtor Andre Bisasor (Baker, David) (Entered: 10/28/2015) |
| 10/28/2015 | | 81 | Objection with certificate of service filed by Debtor Andre Bisasor Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case with certificate of service. (Baker, David) (Entered: 10/28/2015) |
| 10/29/2015 | | 82 | Hearing Scheduled for 11/19/2015 at 01:00 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case. (pd) (Entered: 10/29/2015) |
| 10/29/2015 | | 83 | Certificate of Service of Notice of Hearing (Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case) filed by Trustee Carolyn Bankowski−13 (Bankowski−13, Carolyn) (Entered: 10/29/2015) |
| 10/29/2015 | | | |

| | | | |
|---|---|---|---|
| | | | Continuance of Meeting of Creditors 12/9/2015 at 10 AM (Bankowski−13, Carolyn) (Entered: 10/29/2015) |
| 10/29/2015 | | 84 | Motion filed by Debtor Andre Bisasor to Continue Hearing [Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case] with certificate of service. (Baker, David) (Entered: 10/29/2015) |
| 10/30/2015 | | 85 | Endorsed Order dated 10/30/2015 Re: 84 Motion filed by Debtor Andre Bisasor to Continue Hearing (Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case. ALLOWED. THE HEARING IS CONTINUED TO 01/07/16 AT 1:00 PM. (lkaine, Usbc) (Entered: 10/30/2015) |
| 10/30/2015 | | 86 | Hearing Rescheduled for 1/7/2016 at 01:00 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case. (lkaine, Usbc) (Entered: 10/30/2015) |
| 11/01/2015 | | 87 | BNC Certificate of Mailing − Hearing. (Re: 86 Hearing Scheduled) Notice Date 11/01/2015. (Admin.) (Entered: 11/01/2015) |
| 11/02/2015 | | 88 | Certificate of Service of Notice of Hearing (Re: 75 Chapter 13 Trustee's Motion for Order Dismissing Case) filed by Trustee Carolyn Bankowski−13 (Bankowski−13, Carolyn) (Entered: 11/02/2015) |
| 11/02/2015 | | 89 | Motion filed by Debtor Andre Bisasor to Extend Time to Appeal Under Rule 8002(c) [Re: 71 Order] with certificate of service. (Baker, David) (Entered: 11/02/2015) |
| 11/04/2015 | | 90 | Endorsed Order dated 11/4/2015 Re: 89 Motion filed by Debtor Andre Bisasor to Extend Time to Appeal Under Rule 8002(c) (Re: 71 Order). THE MOTION IS ALLOWED TO THE EXTENT PERMITTED UNDER FED. R. BANKR. P. 8002(D)(2)(A). (lkaine, Usbc) (Entered: 11/04/2015) |
| 11/04/2015 | | 91 | Notice of Appeal and Statement of Election to District Court filed by Debtor Andre Bisasor Re: 77 Order dated 10/21/15 (Re: 72 Emergency Motion for Contempt. Appellant Designation due by 11/18/2015. Compiled Records Due by 12/2/2015. Transmission of Designation Due by 12/4/2015. (lkaine, Usbc) (Entered: 11/05/2015) |
| 11/05/2015 | | 92 | Motion filed by Debtor Andre Bisasor to Waive Fee for Appeal. (lkaine, Usbc) (Entered: 11/05/2015) |
| 11/05/2015 | | 93 | Notice of Appeal to District Court Re: 91 Notice of Appeal and Statement of Election filed by Debtor Andre Bisasor. (lkaine, Usbc) (Entered: 11/05/2015) |
| 11/05/2015 | | 94 | Initial Transmittal to District Court (Re: 91 Notice of Appeal and Statement of Election to District Court filed by Debtor Andre Bisasor Re: 77 Order dated 10/21/15 (Re: 72 Emergency Motion for Contempt). (lkaine, Usbc) (Entered: 11/05/2015) |
| 11/06/2015 | | 95 | Endorsed Order dated 11/6/2015 Re: 92 Motion filed by Debtor Andre Bisasor to Waive Fee for Appeal. THE COURT WILL RULE ON THIS MOTION UPON THE DEBTOR'S FILING OF |

| | | | |
|---|---|---|---|
| | | | UPDATED SCHEDULES I AND J IN SUPPORT OF HIS REQUEST. (lkaine, Usbc) (Entered: 11/06/2015) |
| 11/06/2015 | | [96](#) | BNC Certificate of Mailing – PDF Document. (Re: [90](#) Order on Motion to Extend Time to Appeal Under Rule 8002(c)) Notice Date 11/06/2015. (Admin.) (Entered: 11/07/2015) |
| 11/07/2015 | | [97](#) | Statement of Issues , Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Andre Bisasor (RE: [91](#) Notice of Appeal and Statement of Election). Appellee designation due by 11/23/2015. (Baker, David) (Entered: 11/07/2015) |
| 11/08/2015 | | [98](#) | BNC Certificate of Mailing – PDF Document. (Re: [95](#) Order on Motion to Waive) Notice Date 11/08/2015. (Admin.) (Entered: 11/09/2015) |
| 11/13/2015 | | 99 | Notice of Docketing Record on Appeal to District Court. Case Number: 15–13813 Re: [91](#) Notice of Appeal and Statement of Election filed by Debtor Andre Bisasor. (lkaine, Usbc) (Entered: 11/13/2015) |
| 11/16/2015 | | [100](#) | Motion filed by Debtor Andre Bisasor to Waive Appellate Fees. (lkaine, Usbc) (Entered: 11/17/2015) |
| 11/16/2015 | | [101](#) | Notice of Appeal and Statement of Election to District Court. Fee Amount $298. Filed by Debtor Andre Bisasor Re: [71](#) Order dated 10/19/15 (Re: [13](#) Motion for Relief From Stay filed by Creditor Greystar Management Services LP, [14](#) Motion for Relief From Stay filed by Creditor Greystar Management Services LP. Appellant Designation due by 11/30/2015. Compiled Records Due by 12/14/2015. Transmission of Designation Due by 12/16/2015. (lkaine, Usbc) (Entered: 11/17/2015) |
| 11/17/2015 | | [102](#) | Notice of Appeal to District Court Re: [101](#) Notice of Appeal and Statement of Election filed by Debtor Andre Bisasor. (lkaine, Usbc) (Entered: 11/17/2015) |
| 11/17/2015 | | [103](#) | Initial Transmittal to District Court Re: [101](#) Notice of Appeal and Statement of Election filed by Debtor Andre Bisasor. (lkaine, Usbc) (Entered: 11/17/2015) |
| 11/20/2015 | | [104](#) | Order dated 11/20/2015 Re: [100](#) Motion filed by Debtor Andre Bisasor to Waive Appellate Fees. THE COURT WILL RULE ON THIS MOTION UPON THE DEBTOR'S FILING OF UPDATED SCHDULES I AND J TO SUPPORT HIS REQUEST. THE COURT ALSO CONSTRUES THIS MOTION AS REQUEST FOR AN EXTENSION OF TIME TO FILE AMENDED SCHEDULES PURSUANT TO THE COURT'S ORDER DATED 11/06/15 (DOC. NO. 95), WHICH IS ALLOWED. THE DEBTOR SHALL FILE AMENDED SCHEDULES I AND J BY 11/27/15 TO SUPPORT HIS REQUEST UNDER THIS MOTION AND DOC. NO. 92. (lkaine, Usbc) (Entered: 11/20/2015) |
| 11/22/2015 | | [105](#) | BNC Certificate of Mailing – PDF Document. (Re: [104](#) Order on Motion to Waive) Notice Date 11/22/2015. (Admin.) (Entered: 11/23/2015) |

| 11/25/2015 | | 106 | Motion filed by Debtor Andre Bisasor to Extend Time to File Documents Re: 104 Order dated 11/20/2015 (Re: 100 Motion to Waive Appellate Fees).(lkaine, Usbc) (Entered: 11/27/2015) |
|---|---|---|---|
| 12/01/2015 | | 107 | Certification of Default Re: 101 Notice of Appeal and Statement of Election filed by Debtor Andre Bisasor. (lkaine, Usbc) (Entered: 12/01/2015) |
| 12/01/2015 | | 108 | Transmittal to District Court Re: 107 Certification of Default. (lkaine, Usbc) (Entered: 12/01/2015) |
| 12/01/2015 | | 109 | Endorsed Order dated 12/1/2015 Re: 106 Motion filed by Debtor Andre Bisasor to Extend Time to File Documents (Re: 100 Motion to Waive Appellate Fees). ALLOWED. (lkaine, Usbc) (Entered: 12/02/2015) |

B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|

**BISASOR, Andre**

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **9859** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **3000 Presidents Way #3413 Dedham MA 02026** ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: **NORFOLK** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

2015 AUG 27 PM 4 42 US BANKRUPTCY COURT

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* <br> ☐ Corporation (includes LLC and LLP) <br> ☐ Partnership <br> ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business <br> ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) <br> ☐ Railroad <br> ☐ Stockbroker <br> ☐ Commodity Broker <br> ☐ Clearing Bank <br> ☐ Other | ☐ Chapter 7 <br> ☐ Chapter 9 <br> ☐ Chapter 11 <br> ☐ Chapter 12 <br> ☑ Chapter 13 <br><br> ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding <br> ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity** (Check box, if applicable.) <br> ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts** (Check one box.) <br> ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached. <br><br> ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. <br><br> ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box: <br> ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). <br> ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). <br> Check if: <br> ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000. <br> ------------------------------------ <br> Check all applicable boxes: <br> ☐ A plan is being filed with this petition. <br> ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

| | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. <br> ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| ☑ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☑ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B 1 (Official Form 1) (1/08)  Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>BISASOR, ANDRE |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: **N/A** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☑ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

RAR2 Jefferson at Dedham Station MA, Inc.
(Name of landlord that obtained judgment)

1000 Presidents Way, Dedham MA 02026
(Address of landlord)

☑ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☑ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☑ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

US BANKRUPTCY COURT
'15 AUG 27 PM 4 42

B 1 (Official Form) 1 (1/08) | | Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** BISASOR, Andre |

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only one box.) ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

X _Andre Bisasor_
Signature of Debtor

X _____
Signature of Joint Debtor

Telephone Number (if not represented by attorney) 781-492-5675

Date 8/27/15

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

Date _____

2015 AUG 27 PM 4  US BANKRUPTCY COURT

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____ Signature of Attorney for Debtor(s)  Printed Name of Attorney for Debtor(s)  Firm Name  Address _____ _____  Telephone Number  Date _____  *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. |

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address _____

X _____

Date _____

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re  Andre Bisasor                                            Case No._____
              Debtor                                                              (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]  [Must be accompanied by a motion for determination by the court.]*

☐ **Incapacity.** (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐ **Disability.** (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐ **Active military duty in a military combat zone.**

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _Andre Brown_

Date: _8/27/15_

Certificate Number: 00134-MA-CC-026020802

||||||||||||||||||||||||||||||||||||||||||||||||||||||

00134-MA-CC-026020802

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>August 10, 2015</u>, at <u>8:28</u> o'clock <u>PM EDT</u>, <u>Andre Bisasor</u> received from <u>Cricket Debt Counseling</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>District of Massachusetts</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date: <u>August 10, 2015</u>          By:     <u>/s/Taylor Frazier</u>

                                    Name: <u>Taylor Frazier</u>

                                    Title:   <u>Counselor</u>

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

# UNITED STATES BANKRUPTCY COURT
## FOR THE
### DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re

**ANDRE BISASOR**,                               Chapter 13
                                                 Case No. 15-13369-JNF

      Debtor
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## ORDER

## I.      PROCEDURAL BACKGROUND

The matters before the Court are the Objection to Debtor's Certification Pursuant to 11 U.S.C. Sec. 362(l)(1)(A), or in the Alternative, Request for Relief from the Automatic Stay Regarding Apartment #3413 filed by Greystar Management Services LP, as agent for Owner RAR2 Jefferson at Dedham Station MA Inc. ("Greystar") on September 2, 2015 and an identically captioned pleading filed by Greystar on the same date with respect to "temporary" Apartment #2216 (jointly, the "Motions").  Apartment #2216 is currently occupied by the Chapter 13 debtor, Andre Bisasor (the "Debtor"). Both apartments are located in the same residential complex in Dedham, Massachusetts. Greystar supported both Motions with the Affidavit of Laura Donahue, Greystar's Regional Property Manager.   The Debtor opposes both Motions and seeks an evidentiary hearing.  Through the Motions, Greystar challenges the "Certification by a Debtor Who Resides as a Tenant of Residential Property" (the "Certification") signed by the Debtor pursuant to 11 U.S.C. § 362(l) and set forth in his Chapter 13 petition which

1

he filed, *pro se*, on August 27, 2015.  Greystar also requests that the Court determine that

the provisions of 11 U.S.C. § 362(b)(22)[1] apply immediately, or, in the alternative, that

---

[1] The filing of a petition under the Bankruptcy Code generally triggers the application of the automatic stay which enjoins actions by creditors, including "the commencement or continuation, . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case. . . ; "and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(1) and (3).  Exceptions to the automatic stay are set forth in 11 U.S.C. § 362(b) and include § 362(b)(22), which provides that, subject to § 362(l), the filing of a bankruptcy petition does not trigger the protection of the stay with respect to:

> [T]he continuation of any eviction . . . , or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;

11 U.S.C. § 362(b)(22).

Section 362(l), in turn, establishes certain requirements which, if performed, will allow a debtor to avoid the immediate loss of the stay imposed by § 362(b)(22).  Section 362(l)(1) provides:

> (1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>
> (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30–day period after the filing of the bankruptcy petition.

11 U.S.C. § 362(l)(1)(A) and (B).

the Court grant Greystar relief from the automatic stay to allow it to exercise its remedies under state law, including, but not limited to, taking possession of Apartments #3413 and #2216.

In determining the Motions, the Court has considered the following:

1.      The Debtor's petition on which he listed his address as 3000 President's Way, #3413, Dedham, Massachusetts;

2.      The Certification, which provides, in relevant part, the following: "Landlord has a judgment against the debtor for possession of debtor's residence[,]" the "Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered[,]" and that the Debtor "has included with his petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition[;]"

3.      The Debtor's tender on the petition date of money orders totalling $2,390 and the Court's "Notice Releasing Rental Deposit," dated August 28, 2015, which provides, in part: "the Debtor has deposited with the Clerk the rent payment in the amount of $2,390 that would come due during the 30 day period after the filing of the Debtor's bankruptcy petition," and that "NOTICE IS HEREBY GIVEN that within 30 days of filing the voluntary petition, the debtor must file with the Court and serve upon the landlord, *a second certification that the entire monetary default giving rise to the judgment has been paid to the landlord.*" (emphasis added);

4.      The Debtor's Objection to the Motions and the Verified Memorandum filed in support of the Objection by Attorney David Baker, who filed a notice of appearance on behalf of the Debtor on September 16, 2015, and all exhibits attached to the Objection and the Verified Memorandum;

5.      The Apartment Lease Contract for Apartment #3413 executed by the Debtor and Natalie Anderson,[2] as tenants, with RAR2 Jefferson at Dedham Station Ma. Inc., as owner (the "Owner"), dated August 22, 2013, which provided an initial term from September 26, 2013 through September 14, 2014 and a monthly rental payment of $2,390 and the Apartment Lease Contract for Apartment #2216 executed by the Debtor and Ms. Anderson with the Owner, dated May 16, 2014, which provided for a two week term from May 16, 2014 through May 31, 2014 and rental charges of zero;

---

[2] Ms. Anderson is the nondebtor spouse of the Debtor.

6.     Greystar's statements in the Motions, which the Debtor admitted in his Objection, that it terminated the lease for Apartment #3413 by a Notice to Quit on December 23, 2014 and terminated the lease for Apartment #2216 by a Notice to Quit dated December 29, 2014;

7.     The Summary Process Summonses and Complaints filed by Greystar on February 9, 2015, in separate summary process actions commenced in the Trial Court of Massachusetts, District Court Department, Summary Process Session (the "District Court"), Docket No. 1554SU000026 (Apartment #3413) and Docket No. 1554SU000028 (Apartment #2216), through which Greystar sought eviction of the Debtor and Ms. Anderson[3] from Apartment #2216 for "Failure to vacate pursuant to a lawful notice terminating tenancy" and from Apartment #3413 for "Non-payment of rent;"[4]

8.     The Debtor's 58 page Answer, Counterclaim and Jury Demand filed on May 11, 2015 in both summary process actions[5] which contains numerous counterclaims, some of which relate to the habitability of Apartment #3413, from which the Debtor maintains he was displaced (the "Counterclaims");[6]

9.     The "Judgment for Plaintiff(s) for Possession and Rent,"[7] dated May 27, 2015, issued by the District Court, Docket No. 1554SU000026, against the Debtor and Ms. Anderson in favor of Greystar with respect to Apartment #3413, following the entry

---

[3] Although the Debtor and Ms. Anderson were both defendants in these summary process actions, the Court will refer herein to the Debtor only unless the context indicates otherwise.  According to Greystar's counsel at a hearing held in this Court on September 17, 2015, both summary process matters were always heard together in the District Court, although not formally consolidated.

[4] The Summons and Complaint for Apartment #3413 reflects rent owed in the amount of $24,650.78.

[5] This pleading, which is attached to the Debtor's Verified Memorandum, bears only Docket No. 1554SU000026 (Apartment #3413), however, the docket for Docket No. 1554SU000028 (Apartment #2216) reflects that an Answer and Counterclaim was filed by the Debtor in that action on the same date.

[6] The Debtor also attached to one of his pleadings an Inspection Form issued by the Dedham Board of Health on November 20, 2014, regarding Apartment #3413, which reflects violations relating to floor and ceiling cracks, locks, and dishwasher installation.

[7] All State Court pleadings, dockets, orders and memoranda referred to herein were attached by the parties to their respective pleadings filed in this Court.

4

default against the Debtor and Ms. Anderson, which contained a judgment amount of $32,423.31[8] and the "Judgment for Plaintiff(s) for Possession and Rent," dated May 27, 2015, issued by the District Court, Docket No. 1554SU000028, against the Debtor and Ms. Anderson in favor of Greystar with respect to Apartment #2216, following the entry of default against the Debtor and Ms. Anderson, which contained a judgment amount of zero (jointly, the "Judgments for Possession");

10.     The entry by the District Court on May 27, 2015 of judgments in favor of Greystar with respect to the Debtor's Counterclaims in both summary process actions "after defendant(s) failed to appear;"

11.     The filing by the Debtor of numerous pleadings in both summary process actions on June 8, 2015, including Motions to "Remove the Default and Vacate Default Judgment; and/or Motion for Relief from Judgment, Pursuant to M.R.C.P. 55, 59 and/or 60" (the "Motions to Reconsider"), which the Debtor maintains have never been determined by the District Court, thus precluding the finality of the Judgments for Possession;

12.     The "Memorandum of Decision Concerning Entry of Default Judgment," dated July 2, 2015, issued by the District Court (Ziemian, J.) in both summary process actions, in which the court recounted the extensive procedural history of both summary process actions, noted the numerous continuances, the issuance of the Judgments for Possession following the entry of defaults against the Debtor in both summary process actions for his failure to appear at a final pretrial hearing scheduled for May 26, 2015 and found that "the failure of both defendants to appear on 26 May 2015 was a deliberate attempt to further continue the trial of this matter because of the court's earlier order that there be no further continuances of the trial;"

13.     The "Execution on Money Judgment," in the amount of $33,191.35, and the "Execution for Possession of Leased or Rented Dwelling," both dated August 7, 2015, issued by the District Court, against the Debtor in favor of Greystar with respect to Apartment #3413, and the "Execution for Possession of Leased or Rented Dwelling," dated the same date, issued by the District Court against the Debtor in favor of Greystar with respect to Apartment #2216 (collectively, the "Executions");

14.     Copies of orders issued by the Appellate Division of the District Court, the Massachusetts Appeals Court and the Massachusetts Supreme Judicial Court ("SJC"), all of which denied the Debtor's request to review or waive appeal bonds and/or to stay levy on the Executions;

---

[8] This amount reflects the unpaid rent set forth in the Summons and Complaint, plus approximately three additional months of unpaid rent, interest and costs.

15.     The Order of the Massachusetts Appeals Court, dated August 17, 2015 (Katzmann, J.), denying the Debtor's motions to stay levy on the Executions with respect to both Apartments which, in pertinent part, provided:

> [T]he defendants have not shown that their appeal, though procedurally correct, is likely to be successful.  To succeed the defendants would have to demonstrate, at a minimum, that they have a nonfrivolous defense to the default.  Following review of the defendants' submission and the District Court docket, the court cannot discern any indication that the District Court judge abused his discretion when he entered the default.  Accordingly, the Motion is denied. The stay currently in place shall expire at the end of the day on August 27, 2015.  The plaintiff may levy on the execution on Friday, August 28, 2015 without the need for any further notice to the defendants.

16.     The hearing held in this Court on September 17, 2015 with respect to the Motions,[9] and the arguments of the parties, including the representations of the Debtor that he intended to cure rental arrears over the term of his Chapter 13 plan;[10]

17.     The Supplemental Brief filed by Greystar on September 18, 2015, and the exhibits attached thereto, including the dockets of both District Court summary process actions, which reflect extensive litigation between the parties;

18.     The Supplemental Corrected Memorandum filed by the Debtor on September 23, 2015, and the exhibits attached thereto, including the dockets of appeals the Debtor commenced postpetition in the Massachusetts Appeals Court and the SJC;

19.     The Debtor's Affidavit filed on September 21, 2015, a 46-page document in which he recounts the history of the parties' relationship and their litigation in various courts, his legal theories concerning the finality of the Judgments for Possession, and the

---

[9] Section 362(l)(3)(A) provides: "If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true."  11 U.S.C. § 362(l)(3)(A).

[10] The Debtor also asserted in his Verified Memorandum and Supplemental Brief that he plans to cure the rental default during the term of a plan, that his "counterclaim and his damages for breach of the warranty of habitability are likely to be far in excess of any rent that would be due" and that ultimately he "should not be required to pay *any* rent due to the breach of the warranty of habitability."

6

resulting effect on his bankruptcy case, and in which he stated that "My bankruptcy attorney is not responsible for anything I say here;"

20.    The failure of the Debtor to file any further certification or tender any amounts pursuant to 11 U.S.C. § 362(l)(2) with respect to Apartment #3413 within 30 days of the petition date;

21.    The Debtor's Request for Evidentiary Hearing filed on September 25, 2015;

22.    The Debtor's Chapter 13 plan filed on October 6, 2015, which provides for the assumption of executory contracts with Greystar and the Owner and for payment of $32,423.31 to the Owner and $90,000 to Greystar, over the 60 month term of the plan;

23. The Debtor's Schedules and Statements filed on October 6, 2015, including his Schedule B – Personal Property, in which he listed "Claims and counterclaims; too speculative to value;" and

24.    The entire record of proceedings in this Court.

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon consideration of the foregoing, the Court concludes that the material facts necessary to determine the Motions are not in dispute, and the Court may rule on the merits of the controversy between the parties.  For the reasons stated below, the Court finds that the Debtor's interest in the leases of Apartments #2216 and #3413 terminated prior to the commencement of this case by virtue of the final Judgments for Possession issued by the District Court.  Accordingly, the Debtor has no property interest in either premises.  He does not have the ability to assume the leases as executory contracts nor cure the prepetition defaults through his Chapter 13 plan or through the procedures set forth in 11 U.S.C. § 362(l).

A. <u>Apartment #2216</u>

The Debtor's petition for relief under Chapter 13 listed his address as Apartment #3413.  He did not reference Apartment #2216 in his petition, nor did he deposit any "rent" with the Clerk of this Court for that unit pursuant to § 362(l)(1)(B).  Simply stated, there is no § 362(l) certification in the Debtor's petition related to Apartment #2216.  To the extent the Debtor seeks to extend the Certification to Apartment #2216 because it is a replacement unit for the allegedly uninhabitable Apartment #3413 and, therefore "inextricably linked" to Apartment #3413, the Court rejects such a request for the following reasons.  First, the Debtor's tenancies with respect to the two apartments were the subject of separate lease agreements with differing provisions.  The leases were terminated on different grounds and were the subject of separate Judgments for Possession and Executions issued in separate summary process actions in the District Court.  Second, the provisions of § 362(l), which can shield a debtor from the immediate effect of § 362(b)(22), cannot be invoked where, as here, the underlying Judgment for Possession was based on a non-monetary termination of the tenancy.   There simply is no "monetary default" to cure and no "rent that would have become due during the 30-day period after the filing of the bankruptcy petition."  *See* 11 U.S.C. § 362(l)(1)(A) and (B).  *See also* <u>In re Griggsby</u>, 404 B.R. 83, 88 (Bankr. S.D. N.Y. 2009)(Section 362(l) does not apply where prepetition judgment of possession and warrant of eviction are based upon a non-monetary default that cannot be cured by payment of money.); <u>In re Harris</u>, 424 B.R. 44, 54 (Bankr. E.D. N.Y. 2010)("Section 362(l) does not protect a debtor from the

8

operation of Section 362(b)(22) when a landlord's underlying judgment of possession is based on a non-monetary default.").

Greystar's objection to the Certification for Apartment #2216, to the extent it exists at all, is sustained. Pursuant to § 362(l)(3)(B)(i), in the event a court upholds the objection of a lessor filed under § 362(l)(3)(A), "subsection (b)(22) shall apply immediately and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property."[11] In the alternative, the Court also denies the Debtor's request for an evidentiary hearing and grants Greystar's request for relief from the automatic stay as it has established "cause" pursuant to § 362(d)(1) and a "colorable" right to possession of Apartment #2216 in this summary proceeding. *See* <u>Grella v. Salem Five Cent Savings Bank</u>, 42 F.3d 26, 33 (1st Cir. 1994). Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #2216, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301.

B. <u>Apartment #3413</u>

The Judgment for Possession of Apartment #3413 arose as a result of a monetary default, i.e., nonpayment of rent. The Debtor seeks to cast doubt on the finality of that judgment, and presumably Greystar's ability to rely on the exception to the automatic

---

[11] To the extent the Debtor maintains that § 362(b)(22) requires the Judgment for Possession of Apartment #2216 to be final, the Court finds that such judgment is final, as discussed in further detail below.

9

stay set forth in § 362(b)(22), due to the pendency of the Motions to Reconsider and because the Debtor has "not exhausted all of his State Appellate rights."

It is unclear why the Debtor filed the Certification under § 362(l), which can serve to delay the immediate effect of § 362(b)(22), when he is seeking a determination that there is no recognizable "judgment" for purposes of § 362(b)(22).   It is also unclear why the Debtor maintains that "absent a final judgment, the terms of § 362(l)(3) should not control," as he asserted in his Verified Memorandum.   Although the Debtor originally commenced his bankruptcy case *pro se*, his counsel has never sought to withdraw the Certification or otherwise amend the Debtor's petition.[12]

Despite the Debtor's argument about the applicability of § 362(b)(22) and the absence of the modifier "final" before the phrase "judgment for possession" in either § 362(b)(22) or § 362(l), the Court will address his contention that the Judgments for Possession are not final.   The Court finds that both Judgments for Possession are final.

The Motions to Reconsider were filed on June 8, 2015 and through them the Debtor sought to vacate the default judgments entered against him in both summary process actions on May 27, 2015. The "Memorandum of Decision *Concerning Entry of Default Judgment*" (emphasis added) was issued by the District Court *after* the filing of the Motions to Reconsider, on July, 2, 2015.   It explicitly referred to the "numerous motions" filed by the Debtor on June 8, 2015, and specifically dealt with and provided

---

[12] The Debtor cites <u>In re Weinraub</u>, 361 B.R. 586 (Bankr. S.D. Fla. 2007), a case involving vastly different facts than those involved here.  In that case, the court allowed the debtors' motion to waive the requirements of § 362(l).  The Debtor has filed no such motion here.

the rationale for the entry of the default judgments, i.e., the deliberate attempt of the

defendants to further continue a trial by failing to appear on May 26, 2015.  While there

may be no separate docket entries on the District Court dockets denying the Motions to

Reconsider, this Court has no doubt that the District Court considered them and denied

them as set forth in the Memorandum dated July 2, 2015.  Further, the Massachusetts

Appeals Court also addressed the propriety of the entry of the default judgments in its

August 17, 2015 Order: "Following review of the defendants' submission and the

District Court docket, the court cannot discern any indication that the District Court

judge abused his discretion when he entered the default."  Lastly, even if the Motions to

Reconsider were still pending in the District Court, such fact would not affect the

finality of the Judgments for Possession or the judgment with respect to the

Counterclaims under the applicable Massachusetts rules of summary process and civil

procedure.  Mass. Uniform Summary Process Rule 11, entitled "Relief from Judgment"

provides:

> (a) **District and Boston Municipal Departments.** In the District Court  . . . ,
> Rules 60 and 62(b) and (d) of the Massachusetts Rules of Civil Procedure,
> which deal with relief from judgment and stay of execution, respectively,
> shall apply to summary process actions; *provided that relief under Rule 60(b)*
> *shall be available only in cases where the judgment has been entered on default or*
> *dismissal.* In cases that have been heard on the merits, relief under Rule 60(b)
> shall not be available.

Mass. Uniform Summary Process Rule 11(a) (emphasis added). That Rule directly refers

to Mass R. Civ. P. 60(b), which provides, in part: "A motion under this subdivision (b)

does not affect the finality of a judgment or suspend its operation." Mass R. Civ. P. 60(b).

While the Debtor may complain that he has not been heard in the state courts on the merits of his Counterclaims, the Court finds that result to be of the Debtor's own making, and one which does not affect the finality of the default judgments.  *See* D'Amour v. Birchall (In re Birchall), 501 B.R. 142, 149 (Bankr. D. Mass. 2013)("Default judgments generally do not have preclusive effect, because the issues therein were not actually litigated. Nevertheless, courts have recognized an exception to this rule when the party against whom the default judgment was entered 'substantially participated' in the action.")(footnotes omitted).  The procedural history of the summary process actions, recounted above, leaves no doubt that the Debtor substantially participated in those actions and was not simply defaulted for failing to answer.

The Debtor's contention that he has not exhausted all of his appellate rights with respect to the Judgments for Possession is belied by the record and is insufficient to preclude the finality of the Judgments for Possession.  Greystar obtained more than Judgments for Possession, it obtained Executions on August 7, 2015, following the July 2, 2015 ruling of Judge Ziemian with respect to the entry of the default judgments.  Both the Massachusetts Appeals Court and the SJC denied the Debtor's motions to stay levy on the Executions, on August 17 and 27, 2015, respectively.  It is unclear what, if any, further appellate rights the Debtor can legitimately pursue with respect to the merits of the summary process actions.  *See* Mass. Uniform Summary Process Rule 12, entitled "Appeals" ("Any judgment in a summary process action, *except a default judgment*, may

12

be appealed by an aggrieved party in accordance with the provisions of law.")(emphasis added). Although the Debtor continues to prosecute postpetition appeals, that does not alter the preclusive effect of the Judgments for Possession. *See* Taatjes v. Maggio (In re Maggio), 518 B.R. 179, 189 (Bankr. D. Mass. 2014)(holding that the pendency of an appeal does not preclude the Court from determining whether collateral estoppel may apply).[13]

The Court finds that the Judgments for Possession are final and that the safe harbor provisions set forth in § 362(l), with which the Debtor failed to fully comply, do not preclude the application of the exception to the automatic stay set forth in § 362(b)(22). There are no "circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession" of Apartment #3413 under § 362(l). Greystar terminated the leases and obtained the Judgments for Possession and the Executions in the summary process actions all before the petition date of August 27, 2015. The Debtor has no interest in the leases and no right to cure the defaults or revive his tenancies pursuant to Mass. Gen. Laws ch 186, § 11. Section 11 provides, in relevant part, the following:

> Upon the neglect or refusal to pay the rent due under a written lease, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease, unless the tenant, on or before the day the answer is due, in an action by the landlord to recover possession of the premises, pays or tenders to the landlord or to his attorney all rent then due, with interest and costs of suit. . . .

---

[13] In Maggio, this Court relied on O'Brien v. Hanover Ins. Co., 427 Mass. 194, 200, 692 N.E.2d 39 (1998)("The Federal rule, followed by a majority of the States, is that a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal. . . . We are persuaded by the majority rule.").

13

Mass. Gen. Laws ch 186, § 11.  *See also* Mass. Gen. Laws ch. 239, § 3 (". . . the plaintiff shall not be required to accept full satisfaction of the money judgment. Any refusal by the plaintiff to accept full satisfaction of the money judgment under this paragraph shall not be a bar to the enforcement of said judgment in any lawful manner.").  In this case, there is no dispute that the Debtor did not tender rent due with respect to Apartment #3413 by the time he filed his Answers in the summary process actions, and there is no dispute that Greystar refuses to accept full satisfaction of its monetary judgment, as attested to in the Affidavit of Laura Donahue.

The Debtor seeks to avoid application of Mass. Gen. Laws ch. 239, § 3 due to the alleged absence of final judgments, relying on <u>Ropt Limited P'ship v. Katin</u>, 431 Mass. 601, 729 N.E.2d 282 (2000)(Holding that under Rule 11(a) of the Uniform Summary Process Rules, a defendant in a summary process action cannot raise lack of subject matter jurisdiction pursuant to Rule 60(b)(4) once there is a final judgment on the merits, but that such bar did not apply as the lower court did not issue a final judgment on defendant's counterclaim which was disposed of through a plaintiff's motion to dismiss). That case is factually and legally distinguishable from this case and is inapposite here. The Debtor has not provided any controlling authority under Massachusetts law pursuant to which the Debtor is permitted, at this juncture, to cure the default that gave rise to the Judgment for Possession of Apartment #3413.

14

The Debtor's reliance on his Counterclaims as a means for curing or offsetting the rent he owes is misplaced.[14]  The District Court entered judgments for Greystar on the Counterclaims following the Debtor's default on May 27, 2015.  The Debtor is free to pursue those Counterclaims, to the extent permitted by applicable law in the appropriate forum, but they do not provide a means for satisfying the requirements of § 362(l).  The Debtor failed to file a further certification within 30 days of the petition date pursuant to § 362(l)(2), certifying that he has cured "the entire monetary default that gave rise to the judgment."  If the debtor fails to perform either the initial or further certification, "subsection (b)(22) shall apply immediately" upon such failure and "relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(l)(4)(A).  Additionally, the Debtor's proposal to cure the rental arrears through his assumption of executory contracts as provided in his plan would circumvent the purpose of § 362(l).  *See* In re Williams, 371 B.R. 102, 108 (Bankr. E.D. Pa. 2007)(Section 362(l) requires cure of the default in 30 days, not under a Chapter 13 plan as the debtors proposed.).  The Debtor's proposed assumption of the leases through his plan is also not permitted under the circumstances of this case.  *See* Pyramid Operating Authority, Inc. v. City of Memphis (In re Pyramid Operating Authority, Inc.), 144 B.R. 795, 808 (Bankr. W.D. Tenn. 1992)(stating that "[i]t is well established that an agreement or contract which is validly terminated prepetition under applicable state law is not

---

[14]  At the September 17, 2015 hearing in this Court, the Debtor represented that "it may turn out that, in fact, the landlord owes him more money than the rent he owes."

15

assumable under section 365(a)").  In other words, the leases are no longer executory contracts.

Lastly, the Rooker–Feldman doctrine bars this Court from acting as an appellate tribunal with respect to the Judgments for Possession and the judgments on the Counterclaims as it " 'strip[s] federal subject matter jurisdiction over lawsuits that are, in substance, appeals from state court decisions.' " In re Sanders, 408 B.R. 25, 33 (Bankr. E.D. N.Y. 2009) (quoting Book v. Mortg. Elec. Registration Sys., 608 F.Supp.2d 277, 288 (D. Conn. 2009)(citing Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005)).

For all of the above reasons, the Court sustains Greystar's Objection to the Certification with respect to Apartment #3413.  Pursuant to the above quoted provisions of § 362(l), the provisions of § 362(b)(22) shall apply immediately with respect to Greystar.  In the alternative, the Court also denies the Debtor's request for an evidentiary hearing and grants Greystar's request for relief from the automatic stay as it has established "cause" pursuant to § 362(d)(1) and a "colorable" right to possession of Apartment #3413 in this summary proceeding.  See Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 33 (1st Cir. 1994).  Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #3413, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301.

## III.  CONCLUSION

The Objections to the Certification are sustained, and the Motions are allowed. The Court denies the Debtor's request for an evidentiary hearing, and it will not

16

consider the lengthy arguments set forth in his Affidavit as he is represented in this

matter by counsel.  *See* <u>Grella</u>, 42 F.3d at 33 (a hearing on a motion to lift the stay is not a

proceeding for determining the merits of the underlying substantive claims, defenses,

or counterclaims but is analogous to a preliminary injunction hearing, requiring a

speedy and necessarily cursory determination of the reasonable likelihood that a

creditor has a legitimate claim to a debtor's property).


                                          By the Court,



Dated: October 19, 2015                   Joan N. Feeney
                                          United States Bankruptcy Judge


17

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re: | Case No. 15-13369-JNF |
|---|---|
| Andre Bisasor, | Chapter 13 |
| Debtor | |

EMERGENCY
MOTION FOR CONTEMPT FOR VIOLATION OF THE
*CO-DEBTOR* STAY OF §1301

NOW COMES Andre Bisasor, debtor, and requests that the court find Greystar management in contempt of the co-debtor stay of 11 USC §1301 because it has stated that on October 22, it intends to remove not only the debtor from his home, but his wife, Natalie Anderson, as well. However, Ms. Anderson is protected by the co-debtor stay of §1301, and Greystar has neither requested nor received relief from the co-debtor stay. Given the imminence of the unlawful eviction of Ms. Anderson, Bisasor requests emergency determination of this motion. In further support of this motion, Bisasor states as follows:

1. Bisasor commenced this case *pro se* under chapter 13 on August 27, 2015. He retained the undersigned thereafter.

2. Because of pre-petition summary process litigation concerning the rental premises in which he and his wife live, which litigation resulted in judgments against him and his wife, Bisasor submitted, with the petition, a certification that there were circumstances under state law that would permit him to cure the default resulting in the judgments to the extent that they were money judgment.

3. The summary process actions pertained to two separate apartments because the original apartment in which Bisasor and his wife lived was temporarily uninhabitable, so they were given a second apartment rent free until the original apartment was made habitable.

4. Promptly thereafter, Greystar Management (the landlord's agent) filed an objection to the certification, and in the same paper sought relief from the automatic stay of 11 USC §362 to the extent that the stay was in effect.

5.     After hearings and briefings, the court issued a memorandum order sustaining the objection and granting relief from the stay as to <u>both</u> apartments but as to Bisasor, <u>alone</u>.

6.     The court's order was unambiguous: Page 9: "Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #2216, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301." Page 16: ""Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #3413, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301."

7.     Notwithstanding this unambiguous limitation of the relief being granted by the Court, Greystar caused a constable to issue and serve Natalie Anderson with 48 Hour Notices of Eviction, attached, stating that she and all of her property will be removed from the premises and the locks changed on October 22 at 9:30 a.m.

8.     The automatic stay of §362 and the co-debtor stay of §1301 are separate and distinct stays. <u>In re King</u>, 362 B.R. 226, 232 (Bankr.D.Md. 2007); *see also* <u>Ferrara v Ferrara and Burns & Levinson, LLP</u>, (Bankr.D.Mass., Adv.P. No. 13-1351, *slip opinion dated June 23, 2014*) (in which this court stated that because it granted summary judgment to the debtor on his claim pursuant to §362, the Court did not need to determine whether the co-debtor stay was violated). The <u>King</u> decision is especially analogous to the facts in this case because the debtor in that case had two prior bankruptcy cases within a one-year period preceding the petition date, and thus there was no automatic stay under §362 that would prohibit a post-petition foreclosure as to the debtor. Nonetheless, the court held that the post-petition foreclosure violated the co-debtor stay of §1301, and granted summary judgment for the debtor voiding the foreclosure.

9.     The analogy seems clear. In this case, the court has ruled that there is no automatic stay as to Greystar's actions *as they relate to the debtor*. The court's order was unambiguous that such ruling was subject to Ms. Anderson's rights under §1301.

10.     Greystar never requested relief from the co-debtor stay, despite the fact that the debtor's papers in this case pointed out that fact.

11.    For these reasons, Bisasor avers that Greystar's Notices of Eviction as to Natalie Anderson are violations of the co-debtor stay, and grant the relief requested below.

WHEREFORE Bisasor requests that it find Greystar in contempt of the co-debtor stay; enter an order prohibiting Greystar, its agents and employees (including the constable) from evicting Natalie Anderson from the premises without first obtaining relief from the co-debtor stay; and award Bisasor $700 in attorney fees as damages for the violation.

October 21, 2015

Respectfully Submitted,
Andre Bisasor, debtor
By his attorney,

/s/ David G. Baker
David G. Baker, Esq. (BBO# 634889)
236 Huntington Avenue, Ste. 306
Boston, MA 02115
617-367-4260

Certificate of Service

The undersigned states upon information and belief that the within Emergency Motion was served upon the parties in interest named below on the date set forth above.

/s/ David G. Baker
David G. Baker, Esq.

- Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2- Jefferson at Dedham Station MA Inc. - dma@ashton-law.com
- Carolyn Bankowski-13 - 13trustee@ch13boston.com
- John Fitzgerald - USTPRegion01.BO.ECF@USDOJ.GOV

AND by fax upon Kevin Leary, Constable, at 781-461-2411.

# Constable's Office

395 Washington Street, Suite 4
Dedham, MA 02026
Tel: (781) 326-0220

Date: 10/19/2015

To:     **Natalie Anderson**
        **3000 President's Way**
        **#3413**
        **Dedham, MA 02026**

# 48-HOUR NOTICE

**Pursuant to** M.G.L. 239, S. 3, by virtue of **Execution No. 1554SU000026** issued by the **Dedham District Court**.

**You are hereby notified** that on the 22nd **Day of October, 2015 at 9:30 A.M**. I will serve and/or levy upon said execution and physically remove the defendant(s) and his/her personal property from the said premises if the defendant has not prior to that time vacated the said premises voluntarily.

Any personal property remaining on the premises at the time this execution is levied upon, will be removed and placed into a licensed public warehouse, to wit: **Triple M Moving and Storage, Inc.,** 1109 Montello Street, Brockton, MA, telephone: (508) 586-4685. The warehouse may sell at auction any property that is unclaimed after six months and retain that portion of the proceeds necessary to compensate them for any unpaid storage fees accrued as of the date of the auction. The warehouse rates may be ascertained by contacting the Commissioner of Public Safety, One Ashburton Place, Boston, MA. 02108, Tel. # 617-727-3200. You should notify the warehouse, **Triple M Moving and Storage, Inc.,** 1109 Montello Street, Brockton, MA, in writing, of any change in your mailing address in order to be contacted with the date and place where the auction will take place.

At **9:30AM** I will arrive with a locksmith, to change the locks, and Triple M Movers and Storage, Inc. and physically remove all of your property from the premises and it will be placed in a bonded storage facility to wit: **Triple M Moving and Storage, Inc.,** 1109 Montello Street, Brockton, MA. telephone: (508) 586-4685.

---

| | |
|---|---|
| *Please call this office upon receipt of this notice: (781) 326-0220* | Kevin R. Leary, **Constable** <br> Town of Dedham |

# Constable's Office

395 Washington Street, Suite 4
Dedham, MA 02026
Tel: (781) 326-0220

Date: 10/19/2015

To: **Natalie Anderson**
**2000 President's Way**
**#2216**
**Dedham, MA 02026**

# 48-HOUR NOTICE

**Pursuant to** M.G.L. 239, S. 3, by virtue of **Execution No. 1554SU000028** issued by the **Dedham District Court.**

**You are hereby notified** that on the 22nd **Day of October, 2015 at 9:30 A.M**. I will serve and/or levy upon said execution and physically remove the defendant(s) and his/her personal property from the said premises if the defendant has not prior to that time vacated the said premises voluntarily.

Any personal property remaining on the premises at the time this execution is levied upon, will be removed and placed into a licensed public warehouse, to wit: **Triple M Moving and Storage, Inc.**, 1109 Montello Street, Brockton, MA, telephone: (508) 586-4685. The warehouse may sell at auction any property that is unclaimed after six months and retain that portion of the proceeds necessary to compensate them for any unpaid storage fees accrued as of the date of the auction. The warehouse rates may be ascertained by contacting the Commissioner of Public Safety, One Ashburton Place, Boston, MA. 02108, Tel. # 617-727-3200. You should notify the warehouse, **Triple M Moving and Storage, Inc.**, 1109 Montello Street, Brockton, MA, in writing, of any change in your mailing address in order to be contacted with the date and place where the auction will take place.

At **9:30AM** I will arrive with a locksmith, to change the locks, and Triple M Movers and Storage, Inc. and physically remove all of your property from the premises and it will be placed in a bonded storage facility to wit: **Triple M Moving and Storage, Inc.**, 1109 Montello Street, Brockton, MA. telephone: (508) 586-4685.

*Please call this office upon receipt of this notice: (781) 326-0220*

Kevin R. Leary, **Constable**
Town of Dedham

# Constable's Office

395 Washington Street, Suite 4
Dedham, MA 02026
Tel: (781) 326-0220

Date: 10/19/2015

To: **Andre Bisasor**
**3000 President's Way**
**#3413**
**Dedham, MA 02026**

# 48-HOUR NOTICE

**Pursuant to** M.G.L. 239, S. 3, by virtue of **Execution No. 1554SU000026** issued by the **Dedham District Court.**

**You are hereby notified** that on the 22nd **Day of October, 2015 at 9:30 A.M**. I will serve and/or levy upon said execution and physically remove the defendant(s) and his/her personal property from the said premises if the defendant has not prior to that time vacated the said premises voluntarily.

Any personal property remaining on the premises at the time this execution is levied upon, will be removed and placed into a licensed public warehouse, to wit: **Triple M Moving and Storage, Inc.**, 1109 Montello Street, Brockton, MA, telephone: (508) 586-4685. The warehouse may sell at auction any property that is unclaimed after six months and retain that portion of the proceeds necessary to compensate them for any unpaid storage fees accrued as of the date of the auction. The warehouse rates may be ascertained by contacting the Commissioner of Public Safety, One Ashburton Place, Boston, MA. 02108, Tel. # 617-727-3200. You should notify the warehouse, **Triple M Moving and Storage, Inc.**, 1109 Montello Street, Brockton, MA, in writing, of any change in your mailing address in order to be contacted with the date and place where the auction will take place.

At **9:30AM** I will arrive with a locksmith, to change the locks, and Triple M Movers and Storage, Inc. and physically remove all of your property from the premises and it will be placed in a bonded storage facility to wit: **Triple M Moving and Storage, Inc.**, 1109 Montello Street, Brockton, MA. telephone: (508) 586-4685.

---

*Please call this office upon*
*receipt of this notice: (781) 326-0220*

Kevin R. Leary, **Constable**
Town of Dedham

# Constable's Office

395 Washington Street, Suite 4
Dedham, MA 02026
Tel: (781) 326-0220

Date: 10/19/2015

To:  **Andre Bisasor
2000 President's Way
#2216
Dedham, MA 02026**

# 48-HOUR NOTICE

**Pursuant to** M.G.L. 239, S. 3, by virtue of **Execution No. 1554SU000028** issued by the **Dedham District Court.**

**You are hereby notified** that on the 22ⁿᵈ **Day of October, 2015 at 9:30 A.M**. I will serve and/or levy upon said execution and physically remove the defendant(s) and his/her personal property from the said premises if the defendant has not prior to that time vacated the said premises voluntarily.

Any personal property remaining on the premises at the time this execution is levied upon, will be removed and placed into a licensed public warehouse, to wit: **Triple M Moving and Storage, Inc.**, 1109 Montello Street, Brockton, MA, telephone: (508) 586-4685.  The warehouse may sell at auction any property that is unclaimed after six months and retain that portion of the proceeds necessary to compensate them for any unpaid storage fees accrued as of the date of the auction.  The warehouse rates may be ascertained by contacting the Commissioner of Public Safety, One Ashburton Place, Boston, MA. 02108, Tel. # 617-727-3200.  You should notify the warehouse, **Triple M Moving and Storage, Inc.**, 1109 Montello Street, Brockton, MA, in writing, of any change in your mailing address in order to be contacted with the date and place where the auction will take place.

At **9:30AM** I will arrive with a locksmith, to change the locks, and Triple M Movers and Storage, Inc. and physically remove all of your property from the premises and it will be placed in a bonded storage facility to wit: **Triple M Moving and Storage, Inc.**, 1109 Montello Street, Brockton, MA. telephone: (508) 586-4685.

*Please call this office upon
receipt of this notice: (781) 326-0220*

Kevin R. Leary, **Constable**
Town of Dedham

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |  |
|---|---|---|---|
| In Re: | ) | | |
| | ) | | |
| Andre Bisasor, | ) | | Chapter 13 |
| | ) | | Case No. 15-13369 |
| Debtor | ) | | |

## OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR CONTEMPT FOR VIOLATION OF THE CO-DEBTOR STAY OF §1301

TO THE HONORABLE JOAN N. FEENEY, BANKRUPTCY JUDGE FOR THE REFERENCED MATTER:

Now comes Greystar Management Services LP as agent for Owner RAR2 Jefferson at Dedham Station MA Inc. ("Greystar"), a creditor in the above-captioned proceeding, and hereby respectfully opposes the Debtor's Emergency Motion for Contempt for Violation of the Co-Debtor Stay of §1301.

Greystar is not in violation of the co-debtor's rights under 11 USC §1301 as it is not seeking to "collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that that secured such debt." 11 USC §1301. Greystar is not seeking any monetary amount from Ms. Anderson, rather it is proceeding with its rights of return of possession of the two apartments in question, pursuant to Massachusetts State Law.

In the instant case, the court opined in the Order of October 19, 2015 that the Debtor had no interest in either of the apartments and no right to assume either of the apartment leases.

*"the Debtor's interest in the leases of Apartments #2216 and #3413 terminated prior to the commencement of this case by virtue of the final Judgments for Possession issued by the District Court. Accordingly, the Debtor has no property interest in either premises. He does not have the ability to assume the leases as executory contracts . . . . "*

1

Ms. Anderson does not have any enhanced property status than her Debtor husband. The Court's reference to her rights as a co-debtor under 11 USC §1301 pertain to the stay imposed in seeking to collect on a consumer debt from Ms. Anderson while the Debtor has filed a Chapter 13 Petition. The purpose of 11 USC §1301 is to prevent a creditor from enforcing a money claim against a co-obligator of the debt while the debtor is protected from collection of that money amount pursuant to the automatic stay. This is because the debtor's rights may be affected.[1] As Ms. Anderson, like Mr. Bisasor has no property interest in the Apartments, the re-possession of those units does not fall within the provision of 11 USC §1301.[2] It has no application to the current matter, as Greystar has not sought to collect on a consumer debt from Ms. Anderson while the petition is pending. Greystar is not in violation of the Court's Order but is in compliance in enforcing its rights under state law for possession of the Apartments by constable.

**WHEREFORE**, Greystar respectfully requests that this Court Deny Debtor's Emergency Motion for Contempt.

---

[1] *See* In re Morris, 385 B.R. 823, 830 (E.D. Va. 2008) ("[Section] 1301 was enacted, not to protect co-debtors, but to prevent creditors from circumventing the § 362 automatic stay by putting indirect pressure on the debtor through her co-debtors."); *see also* In re Morris, 365 B.R. 613, 619 (Bankr. E.D. Va. 2007) ("Section 1301 was enacted primarily for the benefit of chapter 13 debtors by relieving them from pressures that creditors might exert on codebtors who were friends, relatives, and fellow employees of the chapter 13 debtor. Given the purpose of the codebtor stay, as a practical matter, once a creditor is granted relief from the automatic stay of § 362(a) as to the debtor, the purpose of the codebtor stay no longer exists as to that creditor, and relief from the codebtor stay, if requested, is invariably granted.") (citation and internal quotation marks omitted).

[2] The cases cited by Debtor are inapposite. In In re King, 362 B.R. 226 (Bankr.D.MD. 2007), both the debtor and co-debtor had a property interest (as joint owners) in the property that secured the debtor's debt. In Ferrara v. Ferrara and Burns & Levinson, LLP, (Bankr.D.Mass., 13-1351, the court concluded that the automatic stay applied and did not consider application of the co-debtor stay.

2

Respectfully submitted
Greystar Management Services LP
as agent for owner RAR2-Jefferson at
Dedham Station MA, Inc.
By its attorneys,
ASHTON LAW, P.C

Donna M. Ashton
BBO# 634984
28 Church Street, Suite 10
Winchester, Massachusetts 01890
(781) 756-6600
dma@ashton-law.com

Dated: October 21, 2015

3

## CERTIFICATE OF SERVICE

I, Donna M. Ashton, hereby certify that on this 21st day of October, 2015, copies of the foregoing:

OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR CONTEMPT FOR
VIOLATION OF THE CO-DEBTOR STAY OF §1301

was served upon the following parties of interest by through the Court's CM/ECF system:

Trustee:

Carolyn Bankowski-13
Chapter 13 Trustee Boston
P.O Box 8250
Boston, MA 02114
cbankowski@ch13boston.com

Debtor through
Debtor's Counsel:

David G. Baker
236 Huntington Avenue #306
Boston, MA 02115
david@bostonbankruptcy.org

Assistant US Trustee:

John P. Fitzgerald
John. W. McCormack Post Office and Court House
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3945

Donna M. Ashton, Esq.

4

# UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
## Proceeding Memorandum/Order of Court

**In Re:** Andre Bisasor        **Case Number:** 15-13369      **Ch:** 13

**MOVANT/APPLICANT/PARTIES:**

#72 Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions with certificate of service. (Attachments: # [1] Constable's Notices) (Baker, David)

**OUTCOME:**

_____Granted_____Denied_____Approved_____Sustained

_____Denied_____Denied without prejudice_____Withdrawn in open court_____Overruled

_____OSC enforced/released

_____Continued to:_____For:_____

_____Formal order/stipulation to be submitted by:_____Date due:_____

_____Findings and conclusions dictated at close of hearing incorporated by reference

_____Taken under advisement: Brief(s) due_____From_____

                   Response(s) due_____From_____

_____Fees allowed in the amount of: $_____Expenses of: $_____

_____No appearance/response by:_____

72_____DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Upon consideration of the Motion, the Opposition of Greystar and the Debtor's Reply, the Motion is allowed in part and denied in part and the Opposition is sustained in part and overruled in part. The Court rules that the "48 Hour Notices," in particular, the notice of removal of the Debtor and the codebtor and their personal property from the subject apartments, is not within the scope of 11 U.S.C. Sec. 1301. Greystar may proceed with the eviction of the Debtor and the codebtor and removal of their property from the subject apartments, but it shall not seek to collect any debt from the debtor or the codebtor, including any money judgment or any storage fees, without further order from this Court. The Debtor's request for attorneys' fees is denied.

IT IS SO NOTED:

_____
Courtroom Deputy

IT IS SO ORDERED:

_____ *Joan N. Feeney*    Dated:10/21/2015

Joan N. Feeney, U.S. Bankruptcy Judge    47